IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| WILLIAM MARSH RICE UNIVERSITY, | § § § | |
| *Plaintiff*, | § § | |
| v. | § § | Civil Action No. 4:21-cv-00667 |
| WINSTON GANDY, | § § | JURY DEMANDED |
| *Defendant*. | § § | |

## **WILLIAM MARSH RICE UNIVERSITY'S ORIGINAL COMPLAINT**

Plaintiff William Marsh Rice University ("Plaintiff" or "Rice"), by and through its attorneys of record, hereby complains of defendant Winston Gandy ("Defendant" or "Gandy"), and would respectfully show as follows:

## **PARTIES**

1. Plaintiff William Marsh Rice University is a non-profit corporation formed under the laws of the State of Texas and located at 6100 Main Street, Houston, Texas 77005.

2. Plaintiff is informed and believes, and on that basis alleges, that defendant Winston Gandy is an individual residing in the State of North Carolina with his principal place of business at 118 Cameron Indoor Stadium, Durham, North Carolina 27708.  Gandy may be served with process at his business address, through his representatives at Wasserman, 10900 Wilshire Blvd., Suite 1200, Los Angeles, California 90024, or wherever he may be found.

## **JURISDICTION AND VENUE**

3. This is a civil action between an entity residing in one U.S. State and a citizen of a different U.S. State seeking damages for breach of a written employment agreement.  The matter

in controversy exceeds the sum or value of $75,000, exclusive of interests and costs. This Court therefore has jurisdiction pursuant to 28 U.S.C. § 1332(a).

4. This Court has personal jurisdiction over Defendant because, among other things, Gandy purposefully availed himself of the benefits and protections of this judicial district, and the exercise of jurisdiction over Gandy in this judicial district does not offend traditional notions of fair play and substantial justice. Gandy's contacts with the State of Texas also arise from and/or are directly related to the cause of action set forth below. Gandy was employed by the Rice Department of Athletics from May 2017 to July 2020, and he executed, partially performed, and breached a written employment agreement with Rice in Houston, Texas.

5. Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391(b) because a substantial part of the events or omissions giving rise to Plaintiff's claims occurred in this judicial district.

## FACTUAL BACKGROUND

6. Rice is a private research university in Houston, Texas. The Rice Owls women's basketball team has represented Rice in Division I of the National Collegiate Athletic Association since the late 1970s. Over the past four seasons, the Rice Owls have won consecutive Conference USA championships, have played in NCAA, WNIT, and WBI postseason tournaments three times, and were champions of the Women's Basketball Invitational in 2017.

7. In May 2017, Rice hired Gandy to be a member of the Rice Owls women's basketball coaching staff. At the time, Gandy had approximately four years of professional experience in coaching, recruiting, and player development at the University of Maryland and the Washington Wizards NBA team. Gandy served as the Rice Owls player development coach. In

that role, he served as the primary one-on-one player coach. In 2019, Gandy was promoted to associate head coach.

8. Rice's employment relationship with Gandy was governed by a written Assistant Coach Agreement. The Assistant Coach Agreement relevant to this lawsuit was in effect from April 1, 2020 to March 31, 2021. The Agreement was executed by Gandy and Joe Karlgaard, Director of Athletics, on behalf of Rice. In exchange for his appointment as an assistant coach for the varsity women's basketball team, lucrative base and incentive compensation, and benefits including a monthly auto allowance, Gandy promised to serve under the Rice Director of Athletics and Head Women's Basketball Coach, perform specified duties, meet specified compliance and reporting obligations, and comply with all other terms of the Assistant Coach Agreement.

9. In Section 4.6 of the Assistant Coach Agreement, Gandy agreed to the following provision expressly addressing consequences in the event that Gandy resigned before the contract's one-year term expired:

> Resignation. In the event that, prior to the scheduled expiration of the term of this Agreement, [Gandy] resigns or terminates [Gandy's] employment under this Agreement to coach for another entity (or if [Gandy] otherwise resigns or terminates [Gandy's] employment under this Agreement and then commences coaching for another entity prior to the scheduled expiration of the term of this Agreement), then [Gandy] shall pay to Rice within 30 days after the resignation or termination (or the commencement of coaching elsewhere, as the case may be) as liquidated damages in lieu of other remedies or equitable relief against [Gandy] for such early termination of this Agreement, a lump sum payment in an amount equal to 50% of the annual base salary, as of June 1, 2019, described in Section 3.1(a).

The annual base salary provided in Section 3.1(a) of the Assistant Coach Agreement was $175,000. Therefore, if Gandy left Rice and deprived the Rice Owls of his assistant coaching duties in favor of a competitor or other entity before March 31, 2021, then Gandy agreed to pay Rice $87,500 within 30 days of his resignation.

3

10. In July 2020, Gandy informed Rice that he had accepted a position as an assistant coach for the Duke University women's basketball team. Gandy officially resigned from Rice on July 21, 2020. On July 24, 2020, Duke's women's basketball head coach announced Gandy's hiring. The Duke announcement specifically mentioned Gandy's role as "[p]art of the best stretch in Rice women's basketball history" and his player development "superpowers."

11. Gandy did not pay Rice the amount promised in Section 4.6 of the Assistant Coach Agreement on or before August 21, 2020.

12. On September 1, 2020, Rice, through its attorney, sent a letter by facsimile and certified mail to Gandy's attorney formally presenting its claim for payment of $87,500. Gandy did not tender payment of the claimed amount by October 1, 2020. Indeed, as of the date of this lawsuit, Gandy has not paid *any* portion of the amount promised in Section 4.6 of the Assistant Coach Agreement.

13. Rice has been harmed by Gandy's premature resignation in an amount that was difficult to estimate at the time the Assistant Coach Agreement went into effect. The Rice Owls were without a coach for over one month in Summer 2020, during a time that has historically been critical for recruiting. Gandy's replacement lacked Gandy's experience in Division I and professional sports. And, because Gandy was the primary coach for one-on-one player development, his replacement required additional time to develop player relationships.

14. Rice has made multiple efforts to resolve the dispute with Gandy. Having exhausted attempts at resolution short of formal litigation, Rice now brings this matter before the Court.

## CAUSES OF ACTION

**A.     Breach of Contract**

15.     Plaintiff realleges and incorporates by reference each and every averment contained in paragraphs 1 through 14 above as if set forth fully herein.

16.     On or about March 30, 2020, Rice and Gandy entered into a written Assistant Coach Agreement.  The term of that agreement was April 1, 2020 to March 31, 2021.

17.     Rice has performed all conditions, covenants, and promises required on its part to be performed in accordance with the terms and conditions of the Assistant Coach Agreement or such conditions precedent have otherwise occurred.

18.     Gandy breached the Assistant Coach Agreement by failing to pay the amount promised in Section 4.6 within 30 days of the date Gandy resigned his employment at Rice and then commenced coaching at Duke.

19.     As a result of Gandy's breach of the Assistant Coach Agreement, Rice has been damaged in an amount the parties to the Assistant Coach Agreement reasonably estimated at the time the agreement was entered.  Rice reserves the right to complain about additional damages resulting from Gandy's breach of the Assistant Coach Agreement in an amount to be proven at trial.

## ATTORNEYS' FEES

20.     Plaintiff is entitled to recover, and hereby seeks, recovery of reasonable attorneys' fees and costs from Gandy pursuant to, *inter alia*, Tex. Civ. Prac. & Rem. Code §§ 38.001 *et seq.*

## CONDITIONS PRECEDENT

21.     All conditions precedent to the institution of this action have occurred or have been waived.

## JURY DEMAND

22. Plaintiff demands a trial by jury and tenders the requisite fee herewith.

## PRAYER

WHEREFORE, plaintiff William Marsh Rice University respectfully prays that upon a final trial a judgment against Winston Gandy be entered, and that the following relief be granted:

(a) Damages in an amount to be proven at trial, including, but not limited to, damages specified in Section 4.6 of the Assistant Coach Agreement;

(b) Prejudgment interest on all amounts claimed;

(c) Attorney's fees and costs of suit incurred herein; and

(d) All such other further relief to which it may show itself justly entitled.

Respectfully submitted,

**DRUMHELLER, HOLLINGSWORTH & MONTHY, LLP**

 /s/ Anthony D. Drumheller
Anthony D. Drumheller
State Bar No. 00793642
Federal I.D. No. 22734

1001 Fannin Street, Suite 2428
Houston, Texas 77002
Telephone: (713) 751-2300
Facsimile: (713) 751-2310
Email:  adrumheller@dhmlaw.com

**ATTORNEY-IN-CHARGE FOR PLAINTIFF
WILLIAM MARSH RICE UNIVERSITY**

**OF COUNSEL:**

Jeremy T. Monthy
State Bar No.
Federal I.D. No.

DRUMHELLER, HOLLINGSWORTH & MONTHY, LLP
1001 Fannin Street, Suite 2428
Houston, Texas 77002
Telephone: (713) 751-2300
Facsimile: (713) 751-2310
Email:  jmonthy@dhmlaw.com